```
                  UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF MISSISSIPPI
                        NORTHERN DIVISION


PAUL GAGLIARDI, INDIVIDUALLY, AND
ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF REGAN GAGLIARDI                         PLAINTIFF

VS.                            CIVIL ACTION NO. 3:20CV504TSL-RPM

LAKELAND SURGICAL CLINIC, PLLC;
JONATHAN ADKINS, M.D.; JACKSON
PULMONARY ASSOCIATES, P.A,;
RIVER OAKS HOSPITAL, LLC d/b/a
MERIT HEALTH RIVER OAKS; and
JOHN DOES 1-10                                          DEFENDANTS


                   MEMORANDUM OPINION AND ORDER
```

This cause is before the court on the separate motions of defendant River Oaks Hospital, LLC, and defendants Lakeland Surgical Clinic, PLLC and Jonathan Adkins, M.D., filed pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss for lack of subject matter jurisdiction.  Plaintiff Paul Gagliardi has responded in opposition to the motion, and has filed a motion for leave to file an amended complaint.  The court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that it has jurisdiction over this cause based on diversity of citizenship.

1

Accordingly, defendants' motions to dismiss will be denied, and plaintiff's motion to amend will be granted.[1]

Background

Twenty-eight-year-old Regan Gagliardi died on August 9, 2019, following emergency surgery at Merit Health River Oaks Hospital for a mechanical small bowel obstruction.  Her father, Paul Gagliardi, individually and on behalf of the wrongful death beneficiaries of Ms. Gagliardi, has filed this wrongful death action against River Oaks Hospital, LLC d/b/a Merit Health River Oaks, Lakeland Surgical Clinic, PLLC, Jonathan Adkins, M.D., and Jackson Pulmonary Associates, P.A., charging that each of the defendants was negligent in one or more particulars in the care and treatment of Ms. Gagliardi, and that their negligence proximately caused her death.  Mr. Gagliardi asserts federal jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332, as he is a resident citizen of California and none of the defendants is a California citizen; instead, defendants Lakeland Surgical Clinic, Jonathan Adkins and Jackson Pulmonology Associates are citizens of Mississippi and River

---

[1] In response to the objection in defendants' motion that the complaint does not identify the citizenship of all the parties, plaintiff has requested leave to file an amended complaint to include this omitted information.  River Oaks acknowledges in its response that the proposed amended complaint does cure this pleading deficiency.

Oaks is a citizen of Mississippi and of Tennessee and/or Delaware.[2]

The Parties' Positions on Jurisdiction

The moving defendants seek dismissal for lack of subject matter jurisdiction, arguing that "because this is a wrongful death action in which [Mr. Gagliardi] is acting in a representative capacity" and "[Mississippi's wrongful death statute] treats plaintiff as the legal representative of an estate", then under 28 U.S.C. § 1332(c)(2), he is "deemed to be a citizen only of the same [s]tate as the decedent"; and since the complaint alleges that Regan Gagliardi was a citizen of Mississippi at the time of her death, then according to defendants, Mr. Gagliardi is deemed a citizen of Mississippi for purposes of this litigation. They conclude, therefore, that diversity is lacking and the case must be dismissed.

In response to defendants' motions, plaintiff asserts that he has brought this action for himself and as a representative of his daughter's potential wrongful death beneficiaries, not as a representative of her estate. He points out that, in fact, no

---

[2] River Oaks asserts that it is a citizen of Delaware and Tennessee. However, according to records maintained by the Mississippi Secretary of State's Office, River Oaks Hospital LLC is a Mississippi limited liability company with members in Tennessee. The correct facts of its citizenship are not material to the present motion since there is no suggestion that this defendant is a citizen of California.

3

estate has been opened for Regan, so that he cannot have brought this action as a representative of her estate. He maintains, therefore, that his citizenship controls the diversity inquiry; and since his citizenship is diverse from that of all the defendants, then this court has jurisdiction over this cause. Plaintiff is correct.

Analysis

Section 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different states."[3] A party seeking to proceed in federal court under § 1332 must establish complete diversity, which requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Thompson v. Greyhound Lines, Inc., 574 F. App'x 407, 408 (5th Cir. 2014) (internal quotation marks and citation omitted). Section 1332(c)(2), on which defendants' motions are premised, states, in pertinent part, that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent…."

---

[3] The amount in controversy required for diversity jurisdiction is obviously met. The issue presented is whether there is complete diversity of citizenship.

4

Mississippi has a survival statute and a wrongful death statute. The survival statute, Miss. Code Ann. § 91-7-233, "allows an estate administrator to commence and prosecute any personal action" -- which includes an action for personal injury or property damage – "which the decedent might have commenced and prosecuted." In re Estate of England, 846 So. 2d 1060, 1067 (Miss. Ct. App. 2003) (citing Miss. Code Ann. § 91-7-233). "Any recovery from such an action becomes an asset of the estate, and, like any other asset, is subject to distribution according to the will or according to the law of descent and distribution." Id. (citing Miss. Code Ann. § 91-7-91). However, where a defendant's tortious conduct has resulted in death, an action to recover damages for such conduct must be brought under the state's wrongful death statute, Miss. Code Ann. § 11-7-13,[4] which instructs that "there shall be but one (1) suit for the same death which shall ensue for the benefit of all

---

[4] The statute states, in part,
   Whenever the death of any person … shall be caused by any real, wrongful or negligent act or omission … as would, if death had not ensued, have entitled the party injured or damaged thereby to maintain an action and recover damages in respect thereof, … and such deceased person shall have left a widow or children or both, or husband or father or mother, or sister, or brother, the person or corporation, or both that would have been liable if death had not ensued … shall be liable for damages, notwithstanding the death, and the fact that death was instantaneous shall in no case affect the right of recovery.
Miss. Code Ann. § 11-7-13.

5

parties concerned." Miss. Code Ann. § 11-7-13. See Burley v. Douglas, 26 So. 3d 1013, 1019 n.6 (Miss. 2009) (quoting In re Estate of England, 846 So. at 1068) (explaining that "[w]hen the same wrongful conduct causes both personal injury and death, at the instant of death, the recovery for the personal injury is embraced by the 'one suit' for wrongful death and is not actionable by the estate under the survival statute."). Thus, while an action for wrongful death is generally intended to compensate beneficiaries for *their* own injuries suffered as a result of the death of the decedent, Mississippi's "wrongful death" statute, despite being so denominated, "encompasses all claims—including survival claims which could have been brought by the decedent, wrongful-death claims, estate claims, and other claims—resulting from a tort which proximately caused a death." Caves v. Yarbrough, 991 So. 2d 142, 149-50 (Miss. 2008). Accord Clark Sand Co. v. Kelly, 60 So. 3d 149, 161 (Miss. 2011) ("An action for wrongful death includes the decedent's 'survival-type' claims, such as claims for his or her personal injury, property damage, and medical and funeral expenses, and the wrongful-death claimants' so called 'wrongful-death' claims, such as loss of consortium, society, and companionship.").

   The wrongful death statute sets out three categories of potential claimants who may bring a wrongful death action: "'(1) … the *personal representative* on behalf of the estate and

6

all other persons entitled to recover; (2)… one of the *wrongful death beneficiaries* … on behalf of all persons entitled to recover; or (3) … all *interested parties*….'" Clark Sand Co., 60 So. 3d at 155) (quoting Long v. McKinney, 897 So. 2d 160, 168 (Miss. 2004) (emphasis added by Clark Sand Co.). "Each category of potential wrongful-death claimants has an equal right to initiate the suit." Burley, 26 So. 3d at 1018 (citing J.J. Newman Lumber Co. v. Scipp, 128 Miss. 322, 91 So. 11 (1922)).

In Long, the Mississippi Supreme Court addressed at length the implications of the "one suit" requirement in the wrongful death statute, which states:

> [T]here shall be but one (1) suit for the same death which shall ensue for the benefit of all parties concerned, but the determination of such suit shall not bar another action unless it be decided on its merits.  Except as otherwise provided in Section 11-1-69, in such action the party or parties suing shall recover such damages allowable by law as the jury may determine to be just, taking into consideration all the damages of every kind to the decedent and all damages of every kind to any and all parties interested in the suit.

Miss. Code Ann. § 11-7-13.  Based on this language, the Long court held that "all claims for the wrongful death of a person (must) be litigated in the same suit and in the same court" and that once a wrongful death action is filed, then so long as it is pending, "any other subsequently-filed action for the same death shall be of no effect." Long, 897 So. 2d at 173.  Others who are entitled to recover may elect to join the litigation but

7

are not required to do so, in which case "those who do (join) have a fiduciary obligation to those who do not." Id. at 175.

As is particularly relevant to the present motions, the court in Long recognized that "because of the limited recovery available to the estate in many cases, litigants may choose, with advice of counsel, to proceed without including a claim on behalf of the personal representative or the estate." Id. at 174 n.14.[5] The court held, though, that "[i]n the event litigants wish to pursue a claim on behalf of the estate of the deceased, such estate must, of course, be opened and administered through the chancery court", and the chancery court must approve the appointment of the personal representative of the estate. Id. In Clark Sand Co., the court reiterated this holding, stating:

> To have standing as a personal representative to bring a wrongful-death action, the plaintiff must be formally appointed as such prior to filing the complaint for wrongful death. Long, 897 So. 2d at 174 …. If the potential claimant has not been formally appointed administrator or executor of the decedent's estate at the time he or she commences the wrongful-death action, it follows that the person is without standing as a personal representative to bring the suit. Id.

Clark Sand Co., 60 So. 3d at 155-56 (holding that where plaintiff had not been formally appointed executrix of

---

[5] The court noted that "such decision should be made only after full disclosure to all who might benefit from the estate." Long v. McKinney, 897 So. 2d 160, 174 (Miss. 2004).

8

decedent's estate at time suit was filed, she "could not have standing as [his] personal representative to bring this action…").

In the case at bar, Mr. Gagliardi has not brought this action as the personal representative of Regan Gagliardi. At the time this suit was brought (and to date), no estate had been opened for Ms. Gagliardi and plaintiff had not been appointed as her personal representative. Accordingly, Mr. Gagliardi could not have brought this action as personal representative of the estate of Ms. Gagliardi within the meaning of the wrongful death statute. See Burley, 26 So. 3d at 1024 ("a claimant cannot bring claims on behalf of an estate that does not yet exist."). In the court's opinion, it follows that he is not acting in this case as the legal representative of an estate, within the contemplation of § 1332(c)(2). See Webb v. Banquer, 19 F. Supp. 2d 649, 652-53 (S.D. Miss. 1998) (concluding that "personal representative" referred to in Mississippi's wrongful death statute "is synonymous with 'the legal representative of the estate' referenced in § 1332(c)(2)," and that specific beneficiaries the wrongful death statute authorizes to file suit, who are not court appointed, are not "legal representatives of the estate" within the contemplation of § 1332(c)(2)); see also Weatherspoon v. Nissan North America, Inc., No. 3:07CV00024-DPJ-JCS, 2007 WL 9774715 (S.D. Miss. Sept.

9

25, 2007) (observing that under § 1332(c)(2), decedent's citizenship "would be relevant had the estate been named in the Complaint," but since the wrongful death action was brought by decedent's sons, individually, and not as representatives of the estate, and since they were entitled to seek death benefits and were not required to name the estate as a plaintiff, then sons' citizenship controlled for diversity purposes).

In their rebuttal brief, defendants note that in the complaint, plaintiff, in addition to demanding damages incurred by him and the wrongful death beneficiaries for their loss of income, emotional distress and pain and suffering and loss of love and companionship of Regan, has further alleged that he and the wrongful death beneficiaries "are entitled to recover any other element of damages allowed to be recovered by [them] under the applicable laws of the state of Mississippi, including but not limited to Miss. Code Ann. § 11-7-13…." Defendants do not suggest how this boilerplate reference to the right to recover all damages allowed by law bears on the issue at hand.

"[I]n wrongful death litigation, there are several kinds of damages which may be pursued, and these damages are not due to the same claimants." Long, 897 So. 2d at 169. Funeral and medical expenses are generally recoverable by the estate and are typically considered to be estate damages. See, e.g., Burley, 26 So. 3d 102 ("claims for … medical and funeral expenses … may

10

be characterized as claims of the estates."); Long, 897 So. 2d at 169 ("the estate is entitled to recover funeral costs and final medical expenses). However, plaintiff herein would be entitled to recover such damages in this action regardless of whether an estate had been opened, as the wrongful death statute clearly states:

> In an action brought pursuant to the provisions of this section by the widow, husband, child, father, mother, sister or brother of the deceased … or by all interested parties, such party or parties may recover as damages property damages and funeral, medical or other related expenses incurred by or for the deceased as a result of such wrongful or negligent act or omission or breach of warranty, *whether an estate has been opened or not*. Any widow, husband, child, father, mother, sister or brother of the deceased or unborn quick child, or interested party *may bring an action pursuant to the provisions of this section outside an estate, regardless of whether there are real or personal assets of an estate*. Any amount, but only such an amount, as may be recovered for property damage, funeral, medical or other related expenses shall be subject only to the payment of the debts or liabilities of the deceased for property damages, funeral, medical or other related expenses.

Miss. Code. Ann. § 11-7-13 (emphasis added). Thus, even assuming for the sake of argument that the vague reference in the complaint to "other damages" might indicate that plaintiff is seeking funeral and medical expenses, he is not doing so on behalf of or as a representative of a non-existent estate.[6]

---

[6] The court acknowledges defendants' reliance on Ezell v. Exide Technologies, Inc., Civ. No. 3:09cv125-D-D, 2010 WL 2874249, *2 (N.D. Miss. July 19, 2010), and Conner v. Hardware

Here, notwithstanding that no estate has been opened, defendants point out in their motions that plaintiff purported to sign the original complaint, filed August 5, 2020, "Individually, and on behalf of the Estate of Regan Gagliardi, and on behalf of the Wrongful Death Beneficiaries of Regan Gagliardi."  However, both the style and body of the original complaint identified the plaintiff as "Paul Gagliardi, Individually, and on Behalf of the Wrongful Death Beneficiaries of Regan Gagliardi"; and, in any event, as was his right, plaintiff filed an amended complaint one day later which omitted

---

Distribution Warehouses, Inc., No. 4:06CV80-D-B, 2007 WL 465650, at *1-2 (N.D. Miss. Feb. 7, 2007), in support of their motions but finds neither case persuasive.  Both cases were wrongful death actions brought by a statutory wrongful death beneficiary, individually and as representative of the wrongful death beneficiaries; and the court in both cases did state that under § 1332(c)(2), the plaintiff representative was deemed to be a citizen of the same state as the decedent, so that there was complete diversity of citizenship.  However, that was not an issue presented by the parties for consideration.  Rather, the issue for the court was whether the citizenship of an unnamed wrongful death beneficiary was to be considered in determining whether there was complete diversity.  Neither opinion contains analysis or discussion of the proper interpretation of § 1332(c)(2).  Instead, both merely recite that because the plaintiffs were suing in a representative capacity, then § 1332(c)(2) applied.  And notably, the issue of its applicability was not determinative, since in both cases, there would have been complete diversity even without application of § 1332(c)(2), as the citizenship of the named plaintiffs was diverse from that of the defendants.

the reference to an estate. That amended complaint is the operative complaint.

Defendants further note that the complaint and amended complaint referenced and attached plaintiff's initial letter of intent to sue, dated May 3, 2020, which he sent to each of the defendant providers prior to filing suit purporting to give notice of intent to sue "by Plaintiff Paul Gagliardi, Individually, and as *Administrator of the Estate of Regan Gagliardi*, and on Behalf of the Wrongful Death Beneficiaries of Regan Gagliardi" (emphasis added),[7] and which referenced losses sustained by "Ms. Gagliardi, *her estate*, and her wrongful death heirs" (emphasis added) as a result of defendants' alleged negligence. However, plaintiff also attached to the complaint an amended notice of intent, dated May 8, 2020, in which the prior references to an estate were omitted. In any event, even assuming that at the time he sent the first notice of intent, plaintiff may have contemplated opening an estate, seeking appointment as executor or administrator and filing suit on behalf of the estate, that is not what he ultimately did. He obviously chose not to open an estate and to file suit on behalf

---

[7] By statute in Mississippi, "[n]o action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action." Miss. Code. Ann. § 15-1-36(15).

13

of an estate. The court's jurisdiction does not depend on what Mr. Gagliardi might or could have done but what he, in fact, did do.

Along these lines, defendants posit that while Mr. Gagliardi has not opened an estate, other beneficiaries or adverse third parties may decide to do so, and that Mr. Gagliardi ultimately does not control whether an estate is opened. They argue that "[s]uch a contingency should not control whether this Court possesses subject matter jurisdiction." The court agrees. There is no requirement that an estate be opened, and the mere *possibility* that an estate may be opened in the future should not and *does not* control whether this court presently has subject matter jurisdiction. See Thompson v. Greyhound Lines, Inc., 574 F. App'x 407, 408 (5th Cir. 2014) ({d]iversity jurisdiction is based on the facts at the time of filing.").

Conclusion

Based on all of the foregoing, the court concludes that § 1332(c)(2) does not apply and therefore, Mr. Gagliardi is properly considered a citizen of California, not of Mississippi. Consequently, the court has subject matter jurisdiction over this action. Accordingly, it is ordered that defendants' motions to dismiss are denied. It is further ordered that

14

plaintiff's motion to amend is granted. Plaintiff shall have five days to file his amended complaint.

SO ORDERED this 28th day of September, 2020.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE